UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| LONGYEAR PROPERTIES, LLC ) | Chapter 7 |
| ) | Case No. 10-20326-FJB |
| Debtor. ) | |

### NOTICE OF INTENDED PRIVATE SALE, DEADLINE FOR OBJECTIONS AND COUNTEROFFERS, AND FINAL HEARING ON MOTION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO SELL TWO PARKING SPACES AND A STORAGE SPACE BY PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

PLEASE TAKE NOTICE that pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2), 6004, and in accordance with the *Motion By Chapter 7 Trustee For Authority To Sell Two Parking Spaces and A Storage Space By Private Sale Free And Clear Of Liens, Claims, Interests And Encumbrances* ("Sale Motion"), Harold B. Murphy, the duly appointed trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Longyear Properties, LLC (the "Debtor"), intends to sell the Estate's right, title and interest in in two parking spaces numbered 9 and a storage space numbered 9 (collectively, the "Assets") located in Building C of Longyear at Fisherhill, 120 Seaver Street, Brookline, Massachusetts to Samuel Bloomberg, or his nominee (the "Purchaser"), for a total purchase price (the "Purchase Price") of cash in the amount of Thirty Five Thousand Dollars and 00/100 ($35,000). The Private Sale is not subject to any contingencies, except for Bankruptcy Court approval. The terms of the sale are described below, and are more particularly set forth in the Sale Motion and the Asset Purchase Agreement ("Sale Agreement") attached to the Sale Motion. Copies of the Sale Motion and the Sale Agreement are available from counsel to the Trustee upon request.

### I. TERMS OF THE SALE

1. The Trustee seeks approval of this Court (the "Bankruptcy Court") to convey the Assets to the Purchaser, or to the nominee designated by the Purchaser.

2. The Trustee intends to sell the Assets free and clear of liens, claims, interests and encumbrances. Pursuant to the Sale Agreement, the Assets are to be sold in "as is" and "where is" condition. Further, the Trustee makes no representations or warranties whatsoever, either express or implied, with respect to the Assets.

3. In accordance with the terms of the Sale Agreement, the Purchaser shall provide consideration to the Trustee for the Assets on or before the closing date ("Closing Date"), in the amount of Thirty Five Thousand Dollars ($35,000) in cash which shall be provided as follows:

    (i)     $3,500 paid as deposit with the execution of the Sale Agreement; and m

(ii)     $33,250 to be paid at the time of delivery of the deed.

## II. THE ASSETS SHALL BE SOLD FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

4.     Pursuant to 11 U.S.C. § 363(f), the Sale Motion and the Sale Agreement, the Assets are to be sold to the Purchaser free and clear of liens, claims, interests and encumbrances whatsoever, known or unknown, including without limitation those noted in the Sale Motion.

5.     All valid liens, claims, interests or encumbrances shall attach to the proceeds of the sale of the Assets in accordance with the terms of the Trustee's settlement agreement with RBS Citizens, National Association as is set forth in the Sale Motion. The validity and enforceability of any contested lien shall be determined by the Bankruptcy Court after due notice and hearing.

6.     The Trustee has requested that the Bankruptcy Court determine, at the Sale Hearing (as defined below), that the successful bidder or bidders of the Assets be deemed to be "good faith" purchaser(s) providing to the Trustee consideration for the Assets which constitutes payment of "value" pursuant to Section 363(m) of the Bankruptcy Code.

## III. DEADLINES FOR OBJECTIONS TO THE SALE MOTION AND HEARING THEREON

7.     A HEARING ON THE SALE MOTION, ANY OBJECTIONS THERETO AND ANY COUNTEROFFERS FOR THE ASSETS, IS SCHEDULED TO TAKE PLACE ON June 23, 2015 at 10:00 Am. ("SALE HEARING") BEFORE THE HONORABLE FRANK J. BAILEY, UNITED STATES BANKRUPTCY JUDGE, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945. ANY PARTY WHO HAS FILED AN OBJECTION TO THE SALE MOTION OR COUNTEROFFER FOR THE PURCHASE OF THE ASSETS IS EXPECTED TO BE PRESENT AT THE SALE HEARING, FAILING WHICH THE OBJECTION MAY BE OVERRULED OR THE COUNTEROFFER STRICKEN. IF NO OBJECTION TO THE SALE MOTION OR COUNTEROFFER IS TIMELY FILED, THE BANKRUPTCY COURT, IN ITS DISCRETION, MAY CANCEL THE SALE HEARING AND APPROVE THE SALE MOTION.

8.     Any objection to the Sale Motion must be in writing and filed with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945 on or before June 16, 2015 at 4:30 p.m. ("Objection Deadline"). A copy of any objection must be also served upon undersigned counsel to the Trustee so as to be received on or before the Objection Deadline. Any objection must state with particularity the grounds for the objection and the interest that the objecting party has in these proceedings, and shall be governed by Fed. R. Bankr. P. 9014.

## IV. COUNTEROFFER DEADLINE AND PROCEDURES

9.     **THROUGH THIS NOTICE, THE TRUSTEE HEREBY SOLICITS COUNTEROFFERS FOR THE ASSETS.** Any counteroffer shall be deemed to qualify as a

competing bid (a "Competing Bid") only if made upon terms and provisions substantially similar to those set forth in the Sale Agreement, without contingencies except for Bankruptcy Court approval, without a termination fee provision, and for a purchase price that is at least five percent (5%) higher than the Purchase Price, or $36,750.

10. The deadline for submission of a Competing Bid shall on or before June 16, 2015 at 4:30 P.M. (the "Bidding Deadline"). A Competing Bid must contain a case caption, an executed sale agreement substantially on the terms of the Sale Agreement, and be filed, in accordance with the applicable Federal and Local Rules of Bankruptcy Procedure, with the United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949 on or before the Bidding Deadline. The Competing Bid must also be served upon Kathleen R. Cruickshank, Esq., Murphy & King, P.C., One Beacon Street, Boston, MA 02108 (counsel to the Trustee) on or before the Bidding Deadline.

11. Any competing bidder must deliver a deposit (the "Counteroffer Deposit") in good funds to the Trustee's counsel, Kathleen R. Cruickshank, Esq., Murphy & King, P.C., One Beacon Street, Boston, MA 02108, in an amount equal to ten percent (10%) of the amount of the Competing Bid at the time of service of the Competing Bid. The Counteroffer Deposit shall be in the form of a certified check or wire transfer, and must be received on or before the Bidding Deadline. The Counteroffer Deposit delivered by a competing bidder will be forfeited in the event that such competing bidder is the successful bidder and fails to close on the sale through no fault of Seller.

12. An auction for the Assets shall be held by the Bankruptcy Court at the Sale Hearing only if there is a Competing Bid. If there is no Competing Bid, then the Trustee shall seek approval of the Private Sale to the Purchaser.

13. Only persons that have submitted a timely qualified Competing Bid and the Purchaser may participate in any auction for the Assets.

14. Bidding at any auction for the Assets shall be conducted by sealed bids, bidding increments, or a combination of the two at the sole discretion of the Trustee subject to approval of the Court. The Purchaser shall be entitled to improve its offer at any auction for the Assets.

15. In order to participate in the Sale Hearing, the party or parties submitting the Competing Bid shall: (a) comply with all relevant bid procedures; and (b) be prepared to demonstrate to the Trustee its ability to consummate the purchase of the Assets and fulfill its obligations.

16. To the extent that the successful bidder fails to close on the sale of the Assets, the Trustee may sell the Assets to the party submitting the second highest or best offer.

17. If the Competing Bid is accepted and approved by the Court, the Counteroffer Deposit shall be applied towards the Purchase Price, or if the Competing Bid is not accepted, the Counteroffer Deposit shall be refunded in full to the Competing Bidder following the closing with the highest bidder unless the Competing Bidder has breached or violated the terms of the Sale Agreement, the Sale Motion or the Court order approving the sale.

3

18. At the Sale Hearing, the Bankruptcy Court may 1) consider any requests to strike a higher offer; 2) determine further terms and conditions of the sale; 3) determine the requirements for further competitive bidding; and 4) require one or more rounds of sealed bids or open bids from the original offeror and any other qualifying bidder.

19. The Bankruptcy Court may take evidence at any hearing on approval of the sale to resolve issues of fact.

20. You may receive a complete copy of the Sale Motion at the address set forth below. Any questions concerning the Sale Motion should be addressed to the undersigned.

        HAROLD B. MURPHY,
        CHAPTER 7 TRUSTEE OF
        LONGYEAR PROPERTIES, LLC

By his counsel:

/s/ Kathleen R. Cruickshank
Kathleen R. Cruickshank (BBO# 550675)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400 (telephone)
(671) 423-0498 (facsimile)
KCruickshank@murphyking.com

DATED: _____, 2015
683567

4